# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| KAREN S. WISE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-07-158-RAW-SPS |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of the Social Security ) | |
| Administration, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

The claimant Karen S. Wise requests judicial review pursuant to 42 U.S.C. § 405(g) of the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her application for social security benefits under the Social Security Act. The claimant appeals the decision of the Commissioner and asserts that the Administrative Law Judge ("ALJ") erred in determining she was not disabled. For the reasons discussed below, the decision of the Commissioner should be REVERSED and the case REMANDED to the ALJ for further proceedings.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act only "if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy[.]" *Id.* § 423(d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. *Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997), *citing Pacheco v. Sullivan*, 931 F.2d 695, 696 (10th Cir. 1991). The term substantial evidence has been interpreted by the United States Supreme Court to require "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971), *quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938). The court may not reweigh the evidence nor substitute its discretion for that of the agency. *Casias v. Secretary of Health & Human*

---

[1] Step one requires the claimant to establish she is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires the claimant to establish she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. *Id.* §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity, or if her impairment is not medically severe, disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. pt. 404, subpt. P, app. 1. If the claimant suffers from a listed impairment (or impairments "medically equivalent" to one), she is determined to be disabled without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must establish that she lacks the residual functional capacity (RFC) to return to her past relevant work. The burden then shifts to the Commissioner to establish at step five that there is work the claimant can perform existing in significant numbers in the national economy, taking into account her age, education, work experience, and RFC. Disability benefits are denied if the Commissioner shows that the impairment does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

*Services*, 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and "[t]he substantiality of [the] evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800-01.

**Claimant's Background**

The claimant was born on August 13, 1959, and was forty-seven (47) years old at the time of the latest administrative decision. She has the equivalent of a high school education and has previously worked as a factory machine operator and an assembler. She alleges she has been unable to work since August 29, 1997, because of injuries she sustained to her left side in a motor vehicle accident, asthma, anxiety and depression.

**Procedural History**

On September 29, 2000, the claimant filed an application for disability insurance benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401-34, and for supplemental security income payments under Title XVI of the Social Security Act, 42 U.S.C. §§ 1381-85. The applications were denied. ALJ Michael Kirkpatrick conducted a hearing and found that the claimant was not disabled on March 22, 2002. The Appeals Council denied review, and this Court affirmed, *see Wise v. Barnhart*, Case No. 02-CV-484-P (E.D. Okla. Feb. 26, 2004), but the Court of Appeals reversed the Commissioner's decision and remanded the case for further proceedings. *See Wise v. Barnhart*, 129 Fed. Appx. 443, 2005 WL 941669 (10th Cir. 2005). On remand, ALJ Kirkpatrick conducted another hearing but again found that the claimant was not disabled on September 22, 2006. The Appeals Council denied

review, so the ALJ's latest opinion represents the Commissioner's final decision for purposes of this appeal. 20 C.F.R. §§ 404.981, 416.1481.[2]

## Decision of the Administrative Law Judge

The ALJ made his latest decision at step five of the sequential evaluation. He found that the claimant's "status post MVA with multiple fractures and surgical repair[;] asthma; diabetes mellitus; obesity; and single vessel coronary artery disease" and "anxiety, depressive disorder, substance abuse, and personality disorder" were severe impairments, but that she retained the residual functional capacity ("RFC") to "perform a significant range of sedentary work" which could involve lifting and/or carrying up to ten pounds occasionally and five to ten pounds frequently; standing and/or walking for two hours of an eight hour work day; sitting for six hours of an eight hour work day; occasional climbing, balancing, stooping, kneeling, crouching and crawling; and limited to a task-oriented job not requiring interaction with the general public but requiring performance of simple, routine unskilled tasks that are not detailed or complex (Tr. 694-95). The ALJ concluded that although the claimant could not return to her past relevant work, she was nevertheless not disabled because there was

---

[2] In a prior case, the Commissioner granted the claimant disability benefits for a closed period ending on November 17, 1998 (Tr. 274, 281). The claimant urged the ALJ to reopen those prior proceedings, but he refused, a decision that was upheld by the Court of Appeals. The net result of the ALJ's refusal to reopen the prior proceedings is that the earliest possible onset date in this case is February 27, 1999. Further, while her first appeal in this case was pending, the claimant filed a new application for social security benefits. This application was denied on December 19, 2003, and the Appeals Council initially denied review. But after the Court of Appeals issued its decision remanding this case, the Appeals Council directed the ALJ to reconsider the claimant's new application "if necessary . . . when deciding the claim remanded by the court." (Tr. 692). The ALJ eventually consolidated the two applications as duplicate claims and denied them both in the September 22, 2006 decision now on appeal.

other work she could perform existing in significant numbers in the regional and national economies, *i. e.*, hand worker, nut sorter, and rotor assembler (Tr. 708, 710).

**Review**

The Court of Appeals reversed the Commissioner's initial decision in this case, *inter alia*, because of his failure to properly analyze the medical evidence provided by the claimant's treating physicians. In particular, the ALJ failed: (i) to distinguish between the *physical* health evidence provided by Dr. Carpenter and the *mental* health evidence provided by Dr. Houston when he rejected both for "a lack of 'objective medical evidence' and 'diagnostic testing'" (Tr. 796); (ii) to cite the inconsistencies between the opinions of Dr. Houston as to the claimant's mental health and the other credible evidence in the record (Tr. 797-98); and, (iii) to give reasons for rejecting the additional restrictions posed by Dr. Houston in his mental RFC assessment of the claimant (Tr. 798-99). The ALJ attempted to remedy these deficiencies in his latest decision; he assessed Dr. Houston's opinion separately from Dr. Carpenter's and thereby distinguished between the mental and physical health evidence, and he explained why he gave less than controlling weight to Dr. Houston's opinions, citing specific inconsistencies with other medical evidence and finding that Dr. Houston's assessments of the claimant's limitations were not supported by her own interaction with the claimant (Tr. 702-05). But the ALJ failed to state exactly what weight he was giving Dr. Houston's medical opinions, and the Commissioner's decision should therefore be reversed and the case remanded to the ALJ for further analysis of the medical evidence. *See, e. g., Langley v. Barnhart*, 373 F.3d 1116, 1119 (10th Cir. 2004) ("Even if

a treating physician's opinion is not entitled to controlling weight, '[t]reating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in [§] 404.1527.'"), *quoting Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003), *quoting* Soc. Sec. Rul. 96-2p, 1996 WL 374188, at *4.

"An ALJ must evaluate *every* medical opinion in the record, *see* 20 C.F.R. §[§] 404.1527(d), [416.927(d)], although the weight given each opinion will vary according to the relationship between the disability claimant and the medical professional . . . . An ALJ must also consider a series of specific factors in determining what weight to give *any* medical opinion." *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004), *citing Goatcher v. Department of Health & Human Services*, 52 F.3d 288, 290 (10th Cir. 1995) [emphasis added]. Although he found that Dr. Carpenter's opinions were entitled to no weight at all (Tr. 705), the ALJ failed to make similarly specific findings regarding the opinions of the other medical sources in the record. For example, after deciding that Dr. Houston's opinions were not entitled to controlling weight, the ALJ did not say exactly what weight those opinions were entitled to other than to say they "can not be accorded substantial weight herein." (Tr. 704). Unfortunately, it is impossible to determine where "less than substantial weight" falls on the interval between "no weight at all" and "controlling weight."

Nor did the ALJ specify the weight he assigned to the opinions of the non-treating medical sources in the record, *e. g.*, the state agency physicians who reviewed the claimant's medical records. Social Security Ruling 96-6p indicates that the ALJ "must consider and evaluate any assessment of the individual's RFC by a State agency medical or psychological

consultant and by other program physicians and psychologists." 1996 WL 374180, at *4. Although the ALJ is not bound by a state agency physician's determination, he "may not ignore these opinions and must explain the weight given" to them. *Id.* at *2. The ALJ must, for example, explain any decision to rely on a state agency opinion, *see, e. g., Valdez v. Barnhart*, 62 Fed. Appx. 838, 841 (10th Cir. 2003) ("If an ALJ intends to rely on a nonexamining source's opinion, he must explain the weight he is giving it.") [unpublished opinion], *citing* 20 C.F.R. § 416.927(f)(2)(ii), particularly if it conflicts with other agency opinions, *see, e. g., Shubargo v. Barnhart*, 161 Fed. Appx. 748, 754 (10th Cir. 2005) (remanding for ALJ to consider an agency opinion "and to explain why he rejected it in favor of other non-examining consultative opinions.") [unpublished opinion], *citing* 20 C.F.R. § 404.1527(f), or with the opinions of a treating physician. *See Robinson v. Barnhart*, 366 F.3d 1078, 1084 (10th Cir. 2004) ("The opinion of an examining physician is generally entitled to less weight than that of a treating physician, and the opinion of an agency physician who has never seen the claimant is entitled to the least weight of all. Thus, the ALJ erred in rejecting the treating-physician opinion of Dr. Baca in favor of the non-examining, consulting-physician opinion of Dr. Walker absent a legally sufficient explanation for doing so."), *citing* 20 C.F.R. §§ 404.1527(d)(1), (2), 416.927(1), (2), and Soc. Sec. Rul. 96-6p, 1996 WL 374180, at *2. In this case, the ALJ appears to have relied on the opinions of non-examining agency physicians, but he did not explain why he favored the ones he did over any of the other opinions in the record. Further analysis of the ALJ's decision is thus clearly in order.

**Conclusion**

The undersigned Magistrate Judge finds that correct legal standards were not applied by the ALJ and the decision of the Commissioner is therefore not supported by substantial evidence. Accordingly, the Magistrate Judge RECOMMENDS that the decision of the Commissioner of the Social Security Administration be REVERSED and the case REMANDED for further proceedings as set forth above. Parties are herewith given ten (10) days to file any objections with supporting brief. Failure to object to the Report and Recommendation will preclude appellate review of the judgment of the District Court based on such findings.

**DATED** this 10th day of September. 2008.

_____
**STEVEN P. SHREDER**
**UNITED STATES MAGISTRATE JUDGE**